**NAVETTA RHYMER, Plaintiff-Appellee**

v.

**BURNETT TOWERS CONDOMINIUM ASSOCIATION,**
**Defendant-Appellant**

Civil No. 82-307

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 12, 1983

NAVETTA RHYMER, St. Thomas, V.I., *plaintiff-appellee, pro se*

FRANCIS E. JACKSON, JR., St. Thomas, V.I., *for defendant-appellant*

CHRISTIAN, *Chief Judge*

# MEMORANDUM OPINION

This is an appeal from the Territorial Court of the Virgin Islands, Division of St. Thomas—St. John.

Appellee, as owner of a condominium unit at Burnett Towers Condominiums, brought suit, pro se, in the trial court against appellant Burnett Towers Condominium Association (hereinafter "the Association"), seeking ·compensation for damages to her condominium unit, suffered as a result of the alleged failure of the Association to maintain and repair sewage lines. Maintenance and repair of the sewege lines are duties of the Association since the sewage lines are considered "common areas" of the condominium complex. Maintenance and repair of "common areas" are the responsibility of the Association by virtue of the Declaration and By-Laws of the condominium. At a trial before the court, sitting without a jury, the court below found that the Association was negligent in performing maintenance and repair of the sewage lines and that such negligence was the cause of the damage to appellee's condominium unit. The court further found that the conduct of appellant, in refusing to correct the damage caused to appellee's property, or to even acknowledge liability therefor, constituted gross negligence and therefore the court imposed punitive damages in the amount of $2,500. Judgment in the total sum of $4,756.88, compensatory and punitive damages, was entered against appellant.

On appeal, the appellant Association alleges that the court below erred in two respects: 1) that the court improperly admitted into evidence an estimate of repair which purported to state the dollar amount needed to repair the damage to appellee's condominium unit, and 2) that the court erred in awarding punitive damages to the appellee.

Appellant argues that appellee's suit sounded in contract and that therefore, under section 355 of the Restatement (Second) of Contracts, the court was precluded from making an award of punitive damages. The appellant reasons that the duties of the Association to the unit owners as to maintenance and repair of the common areas of the condominium complex arose under the Declaration and By-Laws of the condominium which formed a contract between the owners and their Association. Therefore, continues appellant, breach of this duty gave rise to a contract action by any unit owners' damages as a result of such breach.

■■ We disagree with appellant. Condominium associations may be sued in tort for negligent maintenance of the common areas

178

of a condominium complex. See White v. Cox, 17 Cal. App. 3d 824, 95 Cal. Rptr. 259 (1971); annotation at 45 A.L.R.3d 1171, 1174. The negligent acts of the Association resulted in a tortious trespass to appellee's property. Such trespass was continuing in nature until the Association removed the offensive results of the negligent acts, and upon a finding by the fact finder, that refusal to correct and therefore end the trespass, was gross negligence, an award of punitive damages was permissible.

■ In attempting to prove the amount of damages to her condominium, appellee proffered as evidence two written estimates of repair by two companies. One of the estimates was undated and the court sustained appellant's objection to its admission. Over objection, the court admitted plaintiff's exhibit 8, an estimate by a Mr. Ernest Murrell, the relevant part of which stated that Mr. Murrell estimated the cost of repair to the appellee's damaged bathroom to be $1,180. It was error for the court below to admit the estimate. It is a hearsay declaration, offered to prove the truth of its content. As such, the estimate is inadmissable under Rule 802 of the Federal Rules of Evidence. The case will be remanded to the Territorial Court for a hearing at which appellee may produce the declarant, and lay a foundation for the admission of the document. After cross-examination of the declarant the court may, as trier of fact, adjust the award of damages if it sees fit to do so.